RICHARD W. CRAWFORD AND MARILYN CRAWFORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crawford v. Commissioner
Docket No. 16261-82.
United States Tax Court
T.C. Memo 1984-433; 1984 Tax Ct. Memo LEXIS 243; 48 T.C.M. (CCH) 877; T.C.M. (RIA) 84433; August 13, 1984. Richard W. Crawford and Marilyn Crawford, pro se. Genelle F. Forsberg, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency of $5,049.90 in petitioners' income tax for 1979. The issues for our determination are: 1) whether in computing his net profit from farming petitioner Richard Crawford is entitled to deductions in excess of those conceded by respondent and 2) whether Marilyn Crawford's earnings are subject to the tax on self-employment income provided by section 1401. For convenience, our findings of fact and opinion will be combined. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in New Auburn, Wisconsin when they filed their petition. Petitioners are farmers. They filed a joint return for 1979 on which they reported Mr. Crawford's farm income and deductions on Schedule F. The notice of deficiency sent to petitioners disallowed all the deductions except for $1,436. We consider the deductions in the order listed on Schedule F. 1. Labor hired Petitioners *245 reported a deduction of $244.95. Respondent concedes that $34.80 of that amount should be allowed. However, respondent contests $126.00 that petitioner claimed they paid to a Mr. Gatham and $84.75 petitioners paid to one of their children. Petitioners' testimony that Mr. Gatham was paid to work on the farm is credible and we conclude the $126.00 paid to him may be deducted. The deduction for the amount paid to petitioners' daughter is disallowed. We believe those payments were more of a personal or family nature than compensation for services rendered. [1] See . 2. Repairs Petitioners deducted $1,044.73 for repairs. Respondent concedes $719.93 of this amount is allowable. Petitioners presented evidence with regard to only $182.68 of the remaining $324.80. The difference, $142.12, is disallowed. Of the $182.68, $23.50 is allowable. This amount was expended for gasoline used in a chain saw. Although this expenditure should not have been repdorted *246 as a repair, it is deductible. The remainder of the $182.68, $159.18, was spent to repair the furnace and plumbing in petitioners' house. Petitioners contend that they may deduct these expenses because they used their house for business purposes. However, section 280A(a) [2] precludes petitioners from deducting repairs to their house since they do not come within any of the exceptions provided by section 280A(c).See . 3. Interest Petitioners deducted interest of $2,052.41. This consisted of $927.23 with regard to a loan for the purchase of personal property used on the farm and $1,125.18 with regard to the purchase of the farm land and the structures thereon, including petitioners' residence and garage. Furthermore, at trial petitioners contended they paid $680.16 in interest in 1979 with regard to the purchase of a tractor. Respondent did not dispute on brief the deduction of the $927.23 and is deemed to concede this amount. However, respondent contends that only $1,052.93 of the $1,125.18 *247 and none of the $680.16 is allowable as a farm expense. The $1,125.18 claimed by petitioners is ninety-five percent of the total interest of $1,184.40 petitioners paid on the loan during 1979. However, the portion of the interest which relates to petitioners' residence and garage is not deductible as a farm expense. Accordingly, this deduction is limited to the $1,052.93 conceded by respondent. Petitioners' testimony with regard to the tractor loan was persuasive. Petitioners may deduct the $680.16 claimed at trial as a farm expense. 4. Rent Petitioners deducted $46.55 for rent. Respondent concedes this deduction. 5. Feed purchased Petitioners deducted $1,743.43 for feed purchased. They have substantiated a larger amount and respondent concedes they are entitled to deduct the amounts shown in paragraph twelve of the stipulation. 6. Seeds Respondent concedes $370.25 is deductible. At trial petitioners produced a receipt which substantiates an expense of $3.95 and they are entitled to deduct that amount as well. 7. Fertilizers Respondent conceded petitioners may deduct $427.40, the amount they deducted on their return. 8. Food out Petitioners deducted *248 $504.00 as Food Out. Respondent disputes the entire amount.Mrs. Crawford testified that food out is "the amount we paid to take out our help. We fed our help in a restaurant for payment when they did help us, instead of taking a cash payment, we took them and fed them." However, sometimes the spouses of those who helped petitioners came along to the restaurant, which suggests the meals may have been of a social nature. Furthermore, Mr. Crawford testified that some of the food out expenses related to "[g]oing to farm meetings. I figure it is a deduction as long as it's in my farming business." This is consistent with the heading on the schedule prepared by petitioners on which they recorded their food out expenses, "Food Out with Farmers or Farm groups." There is no evidence regarding the nature of the occasions at which food out expenses with farm groups were incurred. There is no evidence as to what portion of the food out expenses represents payment of help and what portion represents farm group meetings. The record does not establish that the food out expenses were ordinary and necessary business expenses and this deduction is denied. 9. Supplies Petitioners deducted *249 $2,914.41 for supplies. Respondent concedes petitioners may deduct $995.69 of this amount. Petitioners presented evidence with regard to only $1,357.57 of the remaining $1,918.72. Petitioners may not deduct the unexplained $561.15. Respondent has not addressed on brief the expenses shown in Exhibits 14-N, 15-O (except for Barker Shoes), 16-P (except for Farm and Fleet), 17-Q, and 18-1R. Respondent is deemed to concede those expenses. Petitioners may not deduct the expenses for food and cleaning supplies shown on Exhibits 12-L and 13-M. They did not testify with regard to these expenses and the exhibits alone are inadequate to prove that the expenses were incurred for farm purposes. Petitioners deducted numerous payments for clothing they wore in their work on the farm. Mrs. Crawford testified that "as long as our barn clothes were used only in the barn * * * we could deduct our barn clothes * * *." However, the test for deducting clothing is not whether the clothing is worn only on the job, but whether the clothing is adaptable to being worn off the job. , affd. ; . *250 We conclude the boots petitioners purchased were suitable only for farm work and the cost of the boots is deductible. Petitioners have not established that the other clothing they deducted was not adaptable to general wear.The cost of the other clothing may not be deducted. Petitioners also deducted $178.60 (shown in exhibits 24-X and 25-Y) for what Mrs. Crawford testified was beer which petitioners "gave to their hired help when they were working for us." However, the receipts adduced by petitioners show their purchases also included wine and liquor. Petitioners have not established that any of these items were ordinary and necessary business expenses and they may not be deducted. Petitioners also deducted $162.85 (shown in Exhibits 26-Z, 27-AA, and 28-AB) for gifts for people who worked for them but were "embarrassed taking cash" for their work. Petitioners have not established that these expenses were not primarily personal and they may not deduct these expenses either. Finally, petitioners claimed a deduction for vacuum cleaner bags because they used their vacuum cleaner to clean portions of their residence where they conducted business. This deduction is barred by section *251 280A(a). 10. Breeding fees Petitioners deducted $142.00 for breeding fees. Respondent concedes this amount is deductible. 11. Veterinary fees Respondent concedes the $161.00 deduction taken by petitioners. 12. Gasoline, Fuel, Oil Respondent concedes $685.24 for gasoline, $254.27 for diesel fuel, and $135.00 for oil are deductible. Respondent disputes the deductibility of $755.21 which petitioners paid for fuel to heat their residence. Petitioners contend they may deduct fifty-eight percent of the cost of the fuel oil because they used that percentage of their residence for business. However, section 280A(a) bars petitioners' deduction of fuel oil used to heat their residence. 13. Taxes Petitioners deducted $34.56 of personal property tax and $1.00 of dog tax. Respondent concedes the $34.56 is attributable to farm personalty and is deductible. Neither section 162 nor section 164 allows the dog-tax deduction. Petitioners also deducted $642.04 of real estate tax. The tax on petitioners' land was $472.40. The tax on the improvements to the land was $203.63. The $642.04 deducted by petitioner is approximately *252 ninety-five percent (petitioners' estimate of the portion of the property used for farm purposes) of the total of the tax on the land and improvements. Respondent concedes the $472.40 tax on petitioners' land is deductible.However, respondent rightly contends that the tax on the improvements must be allocated between petitioners' residence (non-deductible on Schedule F) and the farm buildings. Based on the evidence as to the valuation of petitioners' property for insurance, we conclude petitioners' residence constituted thirty-seven percent of the value of the improvements.Therefore, only sixty-three percent of the $203.63 is deductible on Schedule F. 14. Insurance Petitioners deducted $290.70 for insurance. This was ninety-five percent of their total insurance cost of $306.00. However, twenty percent of their coverage was for their dwelling and garage and six percent of their coverage was for their household and other. That portion of their insurance is a non-deductible personal expense. Thus, only $226.44, seventy-four percent of their insurance cost, is deductible. 15. Utilities Petitioner paid $932.66 for electricity during 1979. They deducted ninety-five percent *253 of that amount. Their electric bills included both personal and business use. While we are satisfied that much of the electricity was used on the farm, petitioners have failed to establish that their allocation of ninety-five percent of the electricity to the farm is reasonable. Applying the ruling of , we conclude that petitioners may deduct two-thirds of the cost of their electricity. Petitioners deducted $39.75 for telephone service during 1979. This is approximately fifty percent of the amount they paid for local service. Since petitioners had both substantial business and personal reasons to use their telephones, an allocation of its cost must be made. See . Petitioners failed to establish that their allocation of fifty percent to business use is reasonable. Again relying on Cohan, we conclude ten percent of their local telephone cost is deductible. [3]
16. Freight
*254 Petitioners deducted $722.93 for trucking. Respondent concedes this deduction. 17. Additional labor Petitioners deducted $104 as additional labor. This is fifty percent of the amount petitioners claim they paid to two individuals who were petitioners' babysitters. Petitioners contend the $104 is attributable to "telephone answering when we are busy in the fields, and * * * need someone there to answer the phone." Petitioners have not shown that more than a minimal portion of the babysitters' time was allocable to answering business calls. We deny this deduction. 18. Bank charges Petitioners deducted $5.41 for charges incurred with regard to a checking account they used for both personal and farm purposes. We deny this deduction. . 19. Vacuum cleaner Petitioners deducted $12.50 for depreciation on a vacuum cleaner which was used to clean their residence, including the portions of their residence they used as an office. Section 280A(a) bars this deduction. 20. Legal Petitioners deducted $300 for fees paid to their tax preparer. Respondent has not disputed this deduction on brief and is deemed *255 to concede it. 21. Milk Co-op Set-offs Petitioners deducted $304.10 as "milk co-op set-offs." Respondent now concedes petitioners are entitled to deduct $327.91 in this regard. 22. Vehicle use Petitioners deducted $2,542.82 representing 13,745 miles at the rate of eighteen and a half cents per mile. We believe that petitioners drove the 13,745 miles. However, the record shows that the 13,745 miles include travel for "Food Out" expenses and travel to purchase other non-deductible items such as clothing. Except to the extent that the mileage includes travel for "Food Out" and other non-deductible items, the deduction for vehicle use is allowed. The parties may compute the proper amount of deduction pursuant to Rule 155. 23. Marilyn Crawford Petitioners deducted $1,436.00 as salary paid by Richard Crawford to Marilyn Crawford.Respondent contends on brief that this amount is not deductible. However, we note that the total farm deductions (excluding depreciation) that petitioners claimed on their Schedule F was $19,517.50. The notice of deficiency disallowed $18,081.50 of the $19,517.50. The amount not disallowed was $1,436.00, the amount deducted as salary paid to Marilyn *256 Crawford. We infer that the notice of deficiency did not disallow the deduction for salary paid to Marilyn Crawford.Respondent did not raise this issue in his pleadings and we need not consider issues raised for the first time on brief. , affd. .Petitioners, therefore, may deduct the $1, 436.00. 24. Depreciation Petitioners deducted $4,665.47 for depreciation. However, the amounts shown on their depreciation schedule total $4,673.47, there being an addition error on the return. Respondent concedes the depreciation deduction except insofar as it relates to a rifle, a freezer, and a picture of the farm. We are satisfied that the rifle was used to protect petitioners' crops from animals. Petitioners are entitled to the depreciation deduction they claimed for the rifle. However, there is no evidence which shows the freezer was used for anything besides storing petitioners' food and there is no evidence showing how the picture was used in the operation of the farm. The depreciation deduction petitioners took with regard to these claims is denied. *257 * * * We next consider whether Marilyn Crawford's earnings are subject to the tax on self-employment income provided by section 1401. The amount petitioners contend Richard Crawford paid to Marilyn Crawford, $1,436, was deducted on petitioners' Schedule F, and was reported on their Form 1040. However, petitioners did not report any self-employment tax on this amount.They contend Marilyn Crawford was an employee of Richard Crawford and, therefore, was not subject to the self-employment tax. We disagree. The record indicates that Marilyn Crawford worked jointly with her husband in operating their farm. Applying the factors listed in , we conclude that Marilyn Crawford was not Richard Crawford's employee. Her earnings, therefore, are subject to the tax on self-employment income. Decision will be entered under Rule 155.
Footnotes
1. The sum of the amount respondent concedes, $34.80, and the amounts in dispute, $126.00 and $84.75, is $245.55, slightly more than the amount petitioners deducted.↩
2. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the year at issue.↩
3. Petitioners contend on brief that some of their long distance calls were business calls. There is no evidence in record to support this claim.↩